United States District Court
Southern District of Texas
**ENTERED**
October 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDUARDO ABREUS-ARIAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-00449 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

On May 27, 2026, this Court ordered Attorney Carlos Dantes Mejias, Jr. to show cause as to why his "Motion for Leave to Appear Pro Hac Vice" (Dkt. No. 2) ("Motion") should not be denied for failure to pay the required filing fee. *See* Dkt. No. 5. The Court directed Mr. Mejias to file a statement explaining his noncompliance by June 10, 2026. *Id*. Mr. Mejias failed to do so. On June 23, 2026, the Court again ordered Mr. Mejias to submit the required statement, this time within 7 days. *See* Dkt. No. 6. Mr. Mejias failed to comply with that Order as well.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). Such dismissal may be entered sua sponte, "with or without notice to the parties." *Rogers v. Kroger Co.*, 669 F.2d 317, 319 (5th Cir. 1982). The Court finds that Mr. Mejias's repeated failure to comply with Court orders, without explanation or justification, establishes a clear record of delay and noncompliance warranting dismissal for want of prosecution.

For these reasons, the “Petition for Writ of Habeas Corpus” (Dkt. No. 1) is **DISMISSED without prejudice.**[1] Mr. Mejias’s “Motion for Leave to Appear Pro Hac Vice” (Dkt. No. 2) is further **DENIED**. The Clerk of Court is **INSTRUCTED** to send a certified copy of this Order to Petitioner at the Port Isabel Service Processing Center, 27991 Buena Vista, Blvd., Los Fresnos, Texas 78566. Petitioner is **ADVISED** that he may refile a habeas petition either pro se or through counsel. The Clerk of Court is **INSTRUCTED** to close this case.

SIGNED this October 28, 2026

Rolando Olvera
United States District Judge

[1] Dismissal with prejudice is appropriate where there is a “clear record of delay or contumacious conduct by the plaintiff” and if “lesser sanctions would not serve the best interests of justice.” *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotation marks and citation omitted). Here, although Mr., Mejias’s repeated noncompliance establishes a clear record of delay and contumacious conduct, the Court finds that dismissal without prejudice better serves the interest of justice, particularly where the record does not indicate any delay attributable to Petitioner himself.